Dear Mayor Davis:
You have asked for an Attorney General's opinion relative to an open meetings issue. Specifically, you ask whether a meeting held by the Board of Aldermen for the Town of Basile without notice to the public before that meeting is in violation of any laws.
As a public body, the Board of Aldermen for the Town of Basile is subject to LSA-R.S. 42:7(A) which, in pertinent part, states:
 (b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
 (ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
You assert notice of the special meeting was given to the Basile Weekly, the official journal for the Town of Basile, but there was not time to publicize the notice in that paper before the actual meeting time. You also assert that no other posting of the notice to the public occurred.
Written public notice shall include posting a copy of the notice at either the Board of Aldermen's principal office or, if no such office exists, at the meeting place, or publication of the notice in the Board's official journal no less than twenty-four hours before the meeting. LSA-R.S. 42:7(A)(2)(a).
Therefore, several options are available to satisfy the notice requirement mandated by the open meetings laws. However, whichever option is exercised, that notice must be posted at least twenty-four hours before the meeting. Based on the facts you provide, none of these options appears to have been exercised properly. In the opinion of this office, this factual occurrence is in violation of LSA-R.S. 42:7(A)(1)(b) and (A)(2)(a).
You also ask about the legality of the attendance of a board member to an executive session where the employment of that members sibling was discussed. That question should be directed to the Commission on Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana, 70809.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
ASSISTANT ATTORNEY GENERAL
RPI:CMF, III/mjb